UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KENNETH F. WITTNEBEN § <br> § <br> Plaintiff. § <br> § <br> VS. § <br> § <br> ANDREW SAUL,[1] § <br> COMMISSIONER OF THE SOCIAL § <br> SECURITY ADMINISTRATION § <br> § <br> Defendant. § | CIVIL ACTION NO. 3:18–CV–00174 |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff's Counsel's Unopposed Petition for Attorney Fees Under the Equal Access to Justice Act ("Motion for Attorney Fees"). *See* Dkt. 23. Wittneben's counsel requests $7,752.00 in fees for work performed in obtaining a favorable remand order in this social security matter and $400.00 for reimbursement of the District Court filing fee. After reviewing the record and the law, the Court recommends that fees and costs be awarded in accordance with this opinion.

The Equal Access to Justice Act provides for an award of fees and expenses incurred by a prevailing party in proceedings for judicial review of agency action, unless the position taken by the United States was "substantially justified" or "special circumstances make an

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of Social Security ("Commissioner") and is automatically substituted as a party pursuant to Federal Rule of Civil Procedures 25(d).

award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not dispute that Wittneben is a "prevailing party" entitled to attorney's fees.

In accordance with Section 2412(d)(1)(B), Wittneben's counsel attached to his motion a detailed itemization of the work performed. *See* Dkt. 23-1. Wittneben's counsel claims fees for 40.8 hours of work at a rate of $190.00 per hour, and reimbursement of the District Court filing fee of $400.00, payable from the Judgment Fund.

The Court finds a claim for attorney fees is appropriate and the hours claimed are reasonable, but that the calculation of the allowable hourly rate should be adjusted under Fifth Circuit precedent. Wittneben's counsel suggests billing all hours at a $190 per hour rate. Fifth Circuit Court precedent, while not dictating all the specifics about how the lower courts should adjust for changes in the cost of living, requires cost-of-living adjustments be made to reflect the cost of living applicable for the year in which legal services are rendered. *See Perales v. Cassilas*, 950 F.2d 1066, 1076 (5th Cir. 1992).

The following is a breakdown of the hours of work broken down by year and the appropriate hourly rate, and the calculation of the attorney's fees that should be paid pursuant to Equal Access to Justice Act.

| Year | Hours | Hourly Rate | Amount |
|------|-------|-------------|--------|
| 2018 | 34.6  | $ 199.10    | 6,888.86 |
| 2019 | 6.2   | $ 201.41    | 1,248.74 |
|      |       |             | $8,137.60[2] |

---

[2] For 2018, the calculation is made by multiplying $125.00 by $242.737 (the annual CPI-U, All items Index for the South Region), then dividing the product by 152.4 (the CPI-U South Region,

2

Therefore, the Court recommends that Wittneben's Motion for Attorney Fees be **GRANTED**, and Wittneben's counsel should be awarded $8,137.60 in attorney's fees and $400.00 reimbursable costs from the Judgment Fund.[3]

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 25th day of June, 2019.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

for March 1996, the effective date of the revised Equal Access to Justice Act). For 2019, the Court uses the March 2019 index number of $245.554 in calculating the rate for services. *See Smith v. Comm'r of Soc. Sec. Admin.*, No. 1:14CV195-DAS, 2016 WL 3645192, at *1 n.1 (N.D. Miss. June 30, 2016).

[3] "Here, Plaintiff successfully brought a civil action against the Commissioner in her official capacity, who was represented by the U.S. Attorney's Office. . . . Accordingly, Plaintiff's reimbursement for costs should be paid from the Judgment Fund pursuant to 31 U.S.C. § 1304." *Campbell v. Berryhill*, No. 3:15-CV-3913-N-BH, 2017 WL 4404459, at *4 (N.D. Tex. Sept. 1, 2017) (collecting cases). *See also Smith*, 2016 WL 3645192, at *1 ("costs allowed should be limited to reimbursement of the $ 400.00 filing fee" and such "should be paid out of the Judgment Fund").